IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,587-01






EX PARTE DAVID WILSON HEINZE, SR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


IN CAUSE NO. F-2000-605-D IN THE 362
ND DISTRICT


COURT OF DENTON COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated sexual assault and punishment was assessed at confinement for
ninety-nine years. Applicant's conviction was affirmed on appeal. Heinze v. State No. 02-01-00406-CR (Tex. App. --Fort Worth, delivered February 20, 2002, pet ref'd.).

 Applicant contends that counsel was ineffective for failing to object to testimony at
trial that contained hearsay. The trial court has not entered findings of fact or conclusions
of law. We believe that Applicant has alleged facts that, if true, might entitle him to relief. 
Therefore, it is this Court's opinion that additional facts need to be developed and, because
this Court cannot hear evidence, the trial court is the appropriate forum. The trial court may
resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may
order affidavits, depositions, or interrogatories from defense counsel, or it may order a
hearing. In the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether counsel was ineffective for failing to object to the out of court videotaped
statement of the complainant and hearsay testimony from Ken Keeney regarding an
allegation of a prior sexual offense by the defendant. The trial court should also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 22nd DAY OF MARCH, 2006.


DO NOT PUBLISH
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.